IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

D<span>AVID</span> K<span>OSLOFF</span> and
M<span>ICHAEL</span> M<span>C</span>M<span>AUDE</span> as trustees
of the P<span>REMIER</span> H<span>OSPICE PROFIT</span>
<span>SHARING</span> 401(k) <span>PLAN</span>,

        Plaintiffs,

v.                              Case No. 13-1466-JTM

J<span>EFFREY</span> L<span>EE</span> S<span>MITH</span>, et al.,

        Defendants.

MEMORANDUM AND ORDER

This case involves allegations by the current fiduciaries of the ERISA-governed Premier Hospice profit sharing 401(k) plan that the former fiduciaries violated ERISA in various ways and embezzled assets in violation of Kansas law. The case comes before the court on Defendants' Joint Motion to Dismiss (Dkt. 17). The parties have fully briefed the motion and the court is prepared to rule. The court relies on the allegations in the Complaint (Dkt. 1) for its background below.

**I. Factual Background**

The Premier Hospice profit sharing 401(k) plan ("the plan") is an ERISA-governed defined contribution pension plan established in October 2004 by Premier Hospice, LLC. Plaintiffs David Kosloff and Michael McMaude are the current fiduciaries of the plan and have served in that capacity since February 14, 2013. Defendant Jeffrey Lee Smith, the former founder and primary owner of Premier Hospice, was a named fiduciary of the plan from its inception through January 1, 2013.

Defendant Lucke & Associates served as the plan administrator from September 20, 2004, through September 11, 2013, under a third party administrator ("TPA") contract between Premier Hospice and Lucke & Associates.  Defendant Jeffrey Lucke, a CPA, is the principal owner of Lucke & Associates. The SP Management profit sharing 401(k) plan ("the SP plan") is an ERISA-governed plan into which assets of the plan were allegedly improperly transferred in 2006.

Plaintiffs allege that Defendants committed multiple violations of their fiduciary and/or co-fiduciary duties under ERISA while serving as the plan's fiduciaries from October 2004 to September 2013. Plaintiffs also allege that the transfer of assets from the plan to the SP plan constitutes embezzlement under Kansas law. Finally, Plaintiffs allege that Lucke & Associates breached the TPA contract and denied the plan its expected contractual benefits.

## II. Legal Standard – Motion to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give the defendant adequate notice of what the plaintiff's claim is and the grounds of that claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

"In reviewing a motion to dismiss, this court must look for plausibility in the complaint . . . Under this standard, a complaint must include "'enough facts to state a claim to relief that is plausible on its face.'" *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223–24 (10th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (clarifying and affirming *Twombly*'s probability standard). Complaints containing no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" may not survive a motion to dismiss. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). The court must assume that all allegations in the complaint are true. *Twombly*, 550 U.S. at 589. "The issue in resolving a motion such as this is 'not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.'" *Bean v. Norman*, No. 008-2422, 2010 WL 420057, at *2, (D. Kan. Jan. 29, 2010) (quoting *Swierkiewicz*, 534 U.S. at 511).

### III. Analysis

Defendants advance several arguments in favor of dismissal. First, they argue that Plaintiffs' ERISA claims arising prior to December 20, 2007, are time-barred. Second, they point out that Count IX of the Complaint alleges violations of ERISA section 101(f), arguing that this section only applies to defined benefit plans and not the defined contribution plan at issue here. Third, Defendants argue that Count XIII, an embezzlement claim based on Kansas state law, is preempted by ERISA. Finally, Defendants argue that the remaining claims should be dismissed because Plaintiffs failed to comply with Rule 8(a)(2)'s requirement of a "short and plain statement." The court addresses these arguments in order.

*A. Plaintiffs' ERISA Claims Arising Prior to December 20, 2007 are Time-Barred*

Plaintiffs' ERISA claims allege various breaches of fiduciary duty and the parties agree these claims are governed by the limitations periods set forth in ERISA section 413. That section provides as follows:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of --
>
> > (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or
> >
> > (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
>
> except that in the case of *fraud or concealment*, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113 (emphasis added). "As a statute of repose, § 413 serves as an absolute barrier to an untimely suit." *Fulghum v. Embarq Corp.*, 938 F. Supp. 2d 1090, 1122 (D. Kan. 2013) (internal citations omitted).

Plaintiffs allege that Defendants breached their ERISA fiduciary and/or co-fiduciary duties in various ways from 2004 through 2013. However, the plaintiffs filed the Complaint on December 20, 2013. *See* Dkt. 1. Defendants argue that ERISA section 413 bars all of Plaintiffs' ERISA-based claims arising before December 20, 2007, including but not limited to Count III, as untimely.

Plaintiffs point out that under the "fraud or concealment" provision, the six-year timeline runs from the date of discovery of the breach or violation in cases involving

4

fraud or concealment. *See* 29 U.S.C. § 1113. They argue they filed the Complaint less than one year after first learning of Defendants' alleged breaches of fiduciary duties. Plaintiffs also assert that they were not able to learn of these breaches earlier because the individual Defendants concealed them by only allowing themselves access to the relevant documents.

"With rare exceptions, the courts of appeals have interpreted the final clause of § 413's as incorporating the federal doctrine of fraudulent concealment: The statute of limitations is tolled until the plaintiff in the exercise of reasonable diligence discovered or should have discovered the alleged fraud or concealment." *Fulghum*, 938 F. Supp. 2d at 1124 (citing *Kurz v. Philadelphia Elec. Co.*, 96 F.3d 1544, 1552 (3d Cir. 1996) (collecting cases and noting five other circuits' applications of tolling in the case of fraudulent concealment)). The Tenth Circuit has not yet addressed this issue, but other circuits have. The Third Circuit, representing the majority view, provided the following guidance for when the fraud or concealment provision applies:

> [W]hen a lawsuit has been delayed because the defendant itself has taken steps to hide its breach of fiduciary duty, the limitations period will run six years after the date of the claim's discovery. The relevant question is therefore not whether the complaint "sounds in concealment," but rather whether there is evidence that the defendant took affirmative steps to hide its breach of fiduciary duty.

*Kurz*, 96 F.3d at 1552 (internal citations omitted).

The court finds Plaintiffs' argument unsupported by the Complaint because there is no evidence that Defendants actively concealed their alleged breaches of fiduciary duty. *See Fulghum*, 938 F. Supp. 2d at 1124. Put simply, Plaintiffs fail to allege

5

active concealment. Plaintiffs assert that they were unable to discover the alleged breaches of fiduciary duties earlier because Defendants: (1) submitted fraudulent forms,[1] (2) failed to advise eligible employees of their ability to participate in the profit sharing plan, (3) failed to provide funding notices, (4) failed to conduct required outside audits of the plan, and (5) failed to turn over records and documents.

These allegations, presumed true at this stage, proclaim several failures to disclose information rather than affirmative steps by Defendants to hide their alleged breaches of fiduciary duties. *See Schaefer v. Arkansas Med. Soc'y*, 853 F.2d 1487, 1491 (8th Cir. 1988) (stating that active concealment under 29 U.S.C. § 1113 "is more than merely a failure to disclose."). As a result, the fraud or concealment provision is unavailable to Plaintiffs and does not toll the statute of repose. The court therefore dismisses all ERISA breach of fiduciary duty claims arising prior to December 20, 2007.

*B. Plaintiffs' Claim Based on ERISA § 101(f) Lacks Legal Foundation*

Count IX of the Complaint alleges failures to comply with the annual plan funding disclosure requirements of ERISA section 101(f). This section of ERISA, labeled "defined benefit plan funding notices," makes clear that it applies to defined benefit plans. *See* 29 U.S.C. § 1021(f). However, Plaintiffs allege that the plan involved is a defined contribution plan.

Defendants argue that the defined contribution plan at issue is not subject to the funding notice requirements of defined benefit plans found in ERISA section 101(f).

---

[1] The court notes the substance of the "fraudulent forms" assertion would be more precisely referred to as Defendants' failure to self-report their alleged ERISA violations in their Forms 5500.

Plaintiffs do not contest this argument and the court deems these claims abandoned. *See* D. KAN. R. 7.4 (providing that the court will ordinarily grant an unopposed motion without further notice). The court grants Defendants' motion and dismisses Count IX, as it has no basis in law.

*C. Plaintiffs' State Law Claim is Preempted by ERISA*

Plaintiffs allege in Count XIII that Defendants engaged in embezzlement in violation of Kansas law by transferring assets from the plan to the SP plan. Defendants argue that ERISA section 514(a) expressly preempts Plaintiffs' state law claims.

ERISA section 514(a) supersedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). Absent a specific savings clause, ERISA preempts not only state statutes but also state common law theories of recovery which relate to ERISA plans. *See* 29 U.S.C. § 1144(c)(1) (defining the term "State law" contained in 29 U.S.C. § 1144(a) to include "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State"). A state law claim "relates to" an employee benefit plan "'if it has a connection with or reference to such a plan.'" *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656 (1995) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97 (1983)). A state law may "relate to" a benefit plan for purposes of ERISA preemption even if the law "is not specifically designed to affect such plans, or the effect is only indirect." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138 (1990).

To establish their state law embezzlement claim, Plaintiffs would have to establish that Defendants had a relationship with the profit sharing plan and its

participants and breached their fiduciary duties under ERISA. *See Bolton v. Souter*, 19 Kan. App. 2d 384, 386-387 (1993) (the elements of embezzlement are: "(1) a relationship must exist between the owner of the money and the embezzler, (2) the money alleged to have been embezzled must have come into the possession of the embezzler by virtue of that relationship, and (3) there must be an intentional and fraudulent appropriation or conversion of the money."). Defendants argue that any liability to Plaintiffs or the profit sharing plan would only exist because of the terms of the plan and Defendants' alleged failure to properly administer the plan. This establishes that Plaintiffs' state law claim "relates" to the profit sharing plan, so Defendants argue that ERISA expressly preempts the state law claim. *See Ingersoll-Rand*, 498 U.S. at 140 (holding that ERISA will preempt a cause of action under state law when, "in order to prevail, a plaintiff must plead, and the court must find, that an ERISA plan exists.").

Once again, Plaintiffs do not contest this argument. The court therefore deems their state law embezzlement claim abandoned and grants Defendants' motion to dismiss Count XIII. *See* D. KAN. R. 7.4.

*D. Complaint Does Not Violate Rule 8(a)(2)*

Finally, Defendants argue that the Complaint should be dismissed for failing to comply with Rule 8(a)(2)'s "short and plain statement" requirement. Defendants rely on the length of the Complaint—fifty-one pages and 334 paragraphs—as evidence of a violation. Their argument fails to convince the court that dismissal is warranted.

The length of the Complaint is directly related to the complexity of the claims at issue. The claims are based on several sections of ERISA, and they involve an alleged

pattern of violations over the span of almost nine years. Each of these facts alone suggests that a "short and plain statement" in this case would still require several pages and paragraphs. In other words, "short and plain" is a relative standard.

Additionally, the Complaint is not prohibitively complex. It details, in chronological order, the alleged actions of the several parties and entities involved. It contains descriptive headings that aid the reader by breaking the Complaint into sections. Overall, the Complaint is thorough and lengthy by necessity, and its claims are clear. The court denies Defendants' motion to dismiss the Complaint for violating Rule 8(a)(2).

## IV. Conclusion

The court grants Defendants' Motion to Dismiss to the extent that Plaintiffs' breach of fiduciary duty claims arise before December 20, 2007, as these claims are time-barred by ERISA section 413. The court dismisses Count IX of the Complaint because it has no basis in law. The court also dismisses Count XIII, the state law embezzlement claim, because ERISA preempts it. Finally, the court finds no violation of Rule 8(a)(2)'s "short and plain statement" requirement.

IT IS THEREFORE ORDERED this 17th day of September, 2014, that Defendants' Joint Motion to Dismiss (Dkt. 17) is granted in part and denied in part, as set forth above.

s/J. Thomas Marten
J. THOMAS MARTEN, CHIEF JUDGE

9