IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID KOSLOFF and
MICHAEL MCMAUDE as trustees
of the PREMIER HOSPICE PROFIT
SHARING 401(k) PLAN,

        Plaintiffs,

v.                                    Case No. 13-1466-JTM

JEFFREY LEE SMITH, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

Before the court is plaintiffs David Kosloff and Michael McMaude's Motion to Amend their complaint pursuant to FED. R. CIV. P. 15(a). This case is brought by current fiduciaries of the Premier Hospice profit sharing 401(k) plan ("the Premier plan") against former fiduciaries of the same for alleged violations of the Employee Retirement Income Security Act ("ERISA"). The court granted in part defendants' Joint Motion to Dismiss (Dkt. 17) on September 17, 2014. (Dkt. 37). Plaintiffs now move to amend the complaint. As discussed below, the motion is denied.

**I. Background**

According to plaintiffs, the Premier plan is an ERISA-governed defined contribution pension plan established in October 2004 by Premier Hospice, LLC. Plaintiffs Kosloff and McMaude are the current fiduciaries of the plan and have served in that capacity since February 14, 2013. Defendant Jeffrey Lee Smith, the founder and

former owner of Premier Hospice, was named a fiduciary of the plan from its inception through January 1, 2013. Defendant Lucke & Associates served as the plan administrator from September 20, 2004, through September 11, 2013, under a third party administrator ("TPA") contract between Premier Hospice and Lucke & Associates. Defendant Jeffrey Lucke is the principal owner of Lucke & Associates. The SP Management profit sharing 401(k) plan ("the SP plan") is a separate ERISA-governed plan into which assets of the Premier plan were transferred in 2006.

Plaintiffs allege that defendants committed multiple violations of their fiduciary and/or co-fiduciary duties under ERISA while serving as the Premier plan's fiduciaries from October 2004 to September 2013. Plaintiffs also allege that the 2006 transfer of assets from the Premier plan to the SP plan is embezzlement under Kansas law. Finally, plaintiffs allege that Lucke & Associates breached the TPA contract and denied the plan its expected contractual benefits.

On March 28, 2014, defendants filed a joint motion to dismiss all claims. (Dkt. 17). The court granted the motion in part, dismissing: (1) all ERISA claims arising before December 20, 2007, because of plaintiffs' failure to sufficiently plead the fraud or concealment exception to the ERISA statute of repose; (2) plaintiffs' claims under ERISA § 101(f) for lack of legal foundation; and (3) plaintiffs' state-law embezzlement claims because they are preempted by ERISA. (Dkt. 37, at 4-9). Plaintiffs now seek leave to amend the complaint in an attempt to salvage claims arising before December 20, 2007.

## II. Legal Standard

The Federal Rules of Civil Procedure plainly state the parameters for amending a pleading:

> A party may amend its pleading once as a matter of course within: (A) 21 days of serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

FED. R. CIV. P. 15(a)(1). After 21 days, a party may amend the pleading "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Courts should freely grant leave when justice so requires. *Id.*

The Supreme Court has determined that district courts should withhold leave to amend only for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Absent prejudice to the nonmoving party, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182.

## III. Analysis

Plaintiffs argue that the amended complaint will satisfy the pleading requirement for the fraud or concealment exception to the ERISA statute of repose, 29 U.S.C. § 1113. The proposed amendment is futile.

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Fields v. City of Tulsa*, 753 F.3d 1000, 1012 (10th Cir. 2014). "A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if the plaintiff fails to allege facts that would allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1012-13. As previously stated by the court (Dkt. 37, at 6), a complaint asserting the fraud or concealment exception to the ERISA statute of repose will survive a motion to dismiss only if plaintiffs allege facts supporting affirmative steps taken by defendants to hide their alleged breaches of fiduciary duty. (Dkt. 37, at 6) (citing *Schaefer v. Arkansas Med. Soc'y*, 853 F.2d 1487, 1491 (8th Cir. 1988)). "The relevant question is not whether the complaint sounds in concealment, but rather whether there is evidence that the defendant took affirmative steps to hide its breach of fiduciary duty." *Kurz v. Philadelphia Elec. Co.*, 96 F.3d 1544, 1552 (3d Cir. 1996) (quotation and citations omitted).

The proposed amended complaint alleges that Smith (1) certified false Forms 5500 and (2) transferred Premier plan funds to the SP plan, of which he was the sole trustee. (Dkt. 41-1, at 14-17). Both allegations appear in the original complaint. The only substantive difference between the original complaint and the proposed amendment is that plaintiffs now allege that Smith was the sole participant in the Premier plan. Plaintiffs argue that Smith thus misrepresented the participants in the Premier plan when falsely certifying that other individuals were also participants in the plan. Plaintiffs argue that, under *Chaaban v. Criscito*, 468 F. App'x 156, 161 (3d Cir. 2012), such false certifications are active steps of concealment triggering the ERISA fraud or

concealment exception. However, plaintiffs advanced the *Chaaban* argument against the motion to dismiss. (Dkt. 21, at 8-14). The court thus already considered and rejected the argument. It would do so again on a motion to dismiss the amended complaint. Plaintiffs' inclusion of one more such alleged act of concealment will not alter the outcome of the court's analysis.

The proposed amendment otherwise sets forth materially identical allegations, albeit in more precise subheadings with a higher volume of conclusory language. The proposed amendment is not substantially different than the original complaint and would be subject to dismissal on the same grounds.

Further, the amendment includes claims already dismissed by the court on September 17, 2014. (Dkt. 37). Such claims are also futile on amendment.

IT IS ACCORDINGLY ORDERED this 11th day of February, 2015, that plaintiffs' Motion to Amend (Dkt. 40) is DENIED.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE