IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID KOSLOFF and
MICHAEL MCMAUDE as trustees
of the PREMIER HOSPICE PROFIT
SHARING 401(k) PLAN,

     Plaintiffs,

v.                Case No. 13-1466-JTM

JEFFREY LEE SMITH, et al.,

     Defendants.

**MEMORANDUM AND ORDER**

Before the court are plaintiffs David Kosloff and Michael McMaude's Motion for Leave to File and concurrently filed Motion to Reconsider (Dkt. 60) the court's orders of September 17, 2014, and February 11, 2015 (Dkts. 37, 54). This action is brought by current fiduciaries of the Premier Hospice profit sharing 401(k) plan ("the Premier plan") against its former fiduciaries. Plaintiffs allege breach of contract, state-law embezzlement, and ERISA violations stemming from defendants' alleged mismanagement of the Premier plan. Plaintiffs move the court to reconsider its dismissal of ERISA breach of fiduciary duty claims arising before December 20, 2007, citing an intervening change in controlling law. As discussed below, the motion is denied.

## I. Background

According to plaintiffs, the Premier plan is an ERISA-governed defined contribution pension plan established in October 2004 by Premier Hospice, LLC. Plaintiffs Kosloff and McMaude are the current fiduciaries of the Premier plan and have served in that capacity since February 14, 2013. Defendant Jeffrey Lee Smith, the founder and former owner of Premier Hospice, was named a fiduciary of the Premier plan from its inception through January 1, 2013. Defendant Lucke & Associates served as the plan administrator from September 20, 2004, through September 11, 2013, under a third party administrator ("TPA") contract between Premier Hospice and Lucke & Associates. Defendant Jeffrey Lucke is the principal owner of Lucke & Associates. Defendants allegedly transferred 100% of the Premier plan's funds into a separate ERISA-governed plan ("the SP plan") in 2006.

Plaintiffs allege that defendants committed multiple violations of their fiduciary and/or co-fiduciary duties under ERISA while serving as the Premier plan's fiduciaries from October 2004 to September 2013. Plaintiffs also allege that the 2006 transfer of assets from the Premier plan to the SP plan is embezzlement under Kansas law. Plaintiffs further allege that Lucke & Associates breached the TPA contract and denied the Premier plan its expected contractual benefits.

On March 28, 2014, defendants filed a joint motion to dismiss all claims. (Dkt. 17). The court granted the motion in part, dismissing: (1) all ERISA breach of fiduciary duty claims arising before December 20, 2007, because of plaintiffs' failure to sufficiently plead the fraud or concealment exception to the ERISA statute of repose; (2)

plaintiffs' claims under ERISA § 101(f) for lack of legal foundation; and (3) plaintiffs' state-law embezzlement claims because they are preempted by ERISA. (Dkt. 37, at 4-9). Plaintiffs sought leave to amend the complaint in an attempt to salvage the dismissed ERISA breach of fiduciary duty claims. (Dkt. 40). They sought to amend the complaint in a manner that would qualify the time-barred claims under the "fraud or concealment" exception of the ERISA fiduciary duty statute of repose by pleading affirmative acts of concealment. The court denied leave to amend on the ground of futility because the proposed amended complaint also failed to plead affirmative acts of concealment. (Dkt. 54).

Plaintiffs now seek reconsideration of the court's order (Dkt. 37) dismissing ERISA breach of fiduciary duty claims arising before December 20, 2007, and of the court's order (Dkt. 54) denying leave to amend the complaint on grounds of futility.

## II. Leave to File is Granted

A party may move for reconsideration of a non-dispositive motion "within 14 days after the order is filed unless the court extends the time." D. KAN. R. 7.3(b). Plaintiffs moved for reconsideration 36 days after the court filed the second motion of the two motions at issue here. The motion is thus filed out-of-time. However, the motion was filed within one month of the publication of the Tenth Circuit decision on which the motion relies – a reasonable time to discover the change in law and submit a motion thereon – and is unopposed. Therefore, the court exercises its discretion to extend the time to file; leave to file the Rule 7.3(b)(1) motion is GRANTED.

### III. Legal Standard

The purpose of a motion to reconsider "is to correct manifest errors of law or to present newly discovered evidence." *Monge v. FG Petro-Machinery (Group) Co. Ltd.*, 701 F.3d 598, 611 (10th Cir. 2012) (brackets and internal quotation and citation omitted). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *accord* D. KAN. R. 7.3(b). However, "[a] motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (quoting *Servants of Paraclete,* 204 F.3d at 1012).

### IV. Analysis

ERISA breach of fiduciary duty claims may not commence later than six years after either the last act of the breach or the last opportunity to cure a breach by omission, "except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation." 29 U.S.C. § 1113. Plaintiffs argue that the Tenth Circuit's recent decision in *Fulghum v. Embarq Corp.*, 785 F.3d 395 (2015), clarifies that the "fraud or concealment" exception applies to their breach of fiduciary duty claims arising before December 20, 2007.

Under *Fulghum*, the § 1113 "fraud or concealment" exception applies *either* when the "alleged breach of fiduciary duty is based on a fraud theory" or "when the

4

defendant conceals the alleged breach of fiduciary duty." 785 F.3d at 415-16. Thus, rather than a singular "fraud or concealment" theory, the exception recognizes fraud and concealment as two distinct exceptions. The court addresses each exception in turn.

**A. The § 1113 fraud exception does not apply to plaintiffs' claims.**

Under a "fraud theory," the § 1113 exception applies "where the alleged breach of fiduciary duty involves a claim the defendant made a false representation of a matter of fact, whether by words or conduct . . . which deceives and is intended to deceive another so that he shall act upon it to his legal injury." *Fulghum*, 785 F.3d at 415 (internal quotation and citation omitted). Thus, the § 1113 fraud exception is invoked only where "the alleged breach of fiduciary duty is *based* on a fraud theory." *Id.* at 416 (emphasis added).

The claims at issue are expressed in Counts I-VIII and XI of the complaint and are addressed in turn below.[1]

Count I alleges that defendants Smith and Lucke breached their fiduciary duties by (1) limiting Premier plan participation to three ineligible participants in violation of the plan documents, (2) causing the Premier plan to accept excessive employer contributions per participant in violation of Internal Revenue Code ("IRC") § 415, (3) causing the Premier plan to transfer 100% of its assets to the SP plan without explanatory documentation, (4) causing the Premier plan to incur excessive and unreasonable expenses, and (5) failing to maintain a fidelity bond. These claims are not

---

[1] Count X does not allege a breach of fiduciary duty and thus does not qualify for the § 1113 exception. All other ERISA claims have been dismissed on other grounds. (Dkt. 37).

based on a fraud theory; they do not allege that defendants made misrepresentations of fact with the intent to deceive plaintiffs. To the contrary, plaintiffs allege that the three participants, the amount of employer contributions, the transfer of 100% of the Premier plan's funds to the SP plan, and expenses were all disclosed on Forms 5500.[2] Plaintiffs also do not allege that defendants misrepresented their failures to maintain fidelity bonds. Count I does not allege misrepresentations of material fact on which plaintiffs relied to their legal injury.

Count II alleges the acts in Count I against defendant Lucke & Associates and is likewise not based on a fraud theory.

Count III alleges that Smith breached his fiduciary duty by receiving consideration for his personal account when 100% of the Premier plan's assets were transferred to the SP plan, of which the sole participants were allegedly Smith, his wife, and his child. This claim also does not allege a misrepresentation. Further, plaintiffs allege that the transfer in question was accurately disclosed on the 2006 Form 5500. Plaintiffs thus patently allege that Smith accurately represented his alleged breach of fiduciary duty. Accordingly, the claim is not based on a fraud theory.

Counts IV-VII allege co-fiduciary liability of various defendants for the fiduciary breaches of other defendants as described above. The counts are factually predicated on Counts I-III. They are likewise not based on a fraud theory.

---

[2] Form 5500 is an annual financial disclosure document completed by ERISA plans. MERTENS LAW OF FED. INCOME TAXATION § 25B-1:22 (2015).

Count XI alleges that the transfer of funds from the Premier plan to the SP plan is a prohibited transaction under 29 U.S.C. § 1106 and seeks restitution of the funds. However, plaintiffs allege that the improper transfer was *accurately* disclosed – not misrepresented – in the 2006 Form 5500; the claim is not based on a fraud theory.

Plaintiffs fail to allege any breach of fiduciary duty based on a fraud theory. Therefore, the § 1113 fraud exception does not apply to the ERISA breach of fiduciary duty allegations in the complaint arising before December 20, 2007.

**B. The § 1113 fraud exception does not apply to plaintiffs' proposed first amended complaint.**

The court denied plaintiffs leave to amend the complaint because the proposed amended complaint would have been subject to dismissal on the pleadings and was thus futile. (Dkt. 54, at 4-5). Accordingly, the court will change that ruling only if *Fulghum* would render the proposed amended complaint viable. Plaintiffs' proposed amended complaint (Dkt. 41-1) contains few differences in fact pleading as compared to the complaint (Dkt. 1). The differences are as follows.

<u>1. Plaintiffs' proposed amended claims of wrongfully limiting plan participation are not based on fraud.</u>

Plaintiffs allege that defendants misrepresented the number of Premier plan participants on Forms 5500 for years 2005, 2006, and 2007 by reporting three participants when Smith was actually the sole participant. Plaintiffs accurately argue that this is a misrepresentation of fact. However, it is immaterial. Plaintiffs allege that defendants should have offered the Premier plan to nearly 100 eligible persons, but

7

limited participation to only one. This claim is based on limiting the Premier plan to fewer participants than were eligible – not misrepresenting the number of participants. Defendants' disclosure that only three persons participated demonstrates their alleged breach in an equally damning manner as if they had disclosed only one participant. The admission cannot be reasonably construed as a misrepresentation intended to mislead plaintiffs into believing that no breach occurred and the claim is not based on the misrepresentation. Further, plaintiffs would not plausibly have relied on the misrepresentation of the number of participants to their legal injury. The claim is not based on a misrepresentation; it is not based in fraud.

2. Plaintiffs' proposed amended claims of Smith's wrongful personal gain are not based on fraud.

Plaintiffs also allege that, after 100% of the Premier plan's funds were transferred to the SP plan, all of the SP plan funds were transferred to Smith's personal IRA. Plaintiffs argue that the transfer to Smith's IRA was not reported on the Premier plan's 2006 Form 5500 and that certification of the Form 5500 was a misrepresentation concerning a prohibited transaction – whereby Smith personally benefitted from the Premier plan – that qualifies for the § 1113 fraud exception. However, the court previously characterized such Form 5500 omissions as "Defendants' failure to self-report their alleged ERISA violations," rather than misrepresentations. (Dkt. 37, at 6 n.1). A breach of fiduciary duty claim derived from the failure to self-report is thus not based on a misrepresentation.

8

Even to the extent that such allegation could be characterized as a misrepresentation, it would not form the basis of the breach of fiduciary duty claim, as follows. The alleged breach is a prohibited transaction whereby Smith personally benefitted from the Premier plan. Plaintiffs allege that Smith was the sole participant in the SP plan. Therefore, the act giving rise to such a breach of fiduciary duty is the transfer from Premier to SP – not from the SP plan to Smith's IRA. Smith's alleged breach of duty to the Premier plan was not accomplished by transferring funds to his IRA. Rather, it was accomplished by transferring funds to the SP plan – a transaction that was disclosed. Therefore, the breach of duty claimed here is unrelated to the transfer from the SP plan to Smith's IRA and any misrepresentation of the latter transaction is not the basis of plaintiffs' claim.[3] Moreover, the Premier plan would have no business reporting the SP plan's transactions on its own Form 5500.[4]

Accordingly, plaintiffs' proposed first amended complaint (Dkt. 41-1) fails to invoke the § 1113 fraud exception. The proposed amendment therefore remains futile and plaintiff's motion to reconsider the court's order denying leave to amend is DENIED.

---

[3] The court also notes that a misrepresentation of the transfer of funds from the SP plan to Smith's IRA cannot form the basis of a breach of fiduciary duty by plaintiffs because they would have no legally protected interest in the SP plan's Form 5500 and would therefore lack standing to make such a claim. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) (standing requires injury in fact of a legally protected interest).

[4] The court further notes that plaintiffs could not base a claim of breach of fiduciary duty on defendants' alleged failure to disclose the transfer of funds from the SP plan to Smith's IRA on the Premier plan's Form 5500 because the transaction was unrelated to the latter. Form 5500 only discloses exempt transactions from the subject plan.

**C. The § 1113 concealment exception does not apply to either plaintiffs' claims or their proposed amended complaint.**

The § 1113 "concealment" exception applies when a defendant acts to conceal a breach of fiduciary duty. *Fulghum*, 785 F.3d at 415. The *Fulghum* court analyzed the meaning of "concealment" at the time § 1113 was passed and determined that it also included withholding something which one knows and is duty-bound to reveal. *Id.* However, ERISA does not express a fiduciary duty to self-report or disclose one's breach of fiduciary duty. *See Varity Corp. v. Howe*, 516 U.S. 489, 506 (1996); *Hockett v. Sun Co., Inc.*, 109 F.3d 1515, 1525 n.4 (10th Cir. 1997). Therefore, in the context of ERISA claims for breach of fiduciary duty, the § 1113 concealment exception cannot be invoked through a failure to disclose; an act of concealment is required.

Moreover, the *Fulghum* court did not address the concealment exception beyond merely identifying that it is independent of the fraud exception. This court twice denied plaintiffs' argument on grounds that they failed to plead affirmative acts of concealment. Therefore, *Fulghum* does not change the concealment standard previously applied by this court; it merely provides that plaintiffs may pursue a separate exception – the "fraud exception" – as they do now. The court rests on its earlier reasoning in denying the § 1113 concealment exception.

10

IT IS ACCORDINGLY ORDERED this 20th day of July, 2015, that plaintiffs' motion to reconsider (Dkt. 60) is DENIED.

        s\ J. Thomas Marten
        J. THOMAS MARTEN, JUDGE